[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Linda A. Jones, whose birth name was Linda A. Post, and the defendant, George C. Jones, V, intermarried on April 3, 1982 in Middletown. The plaintiff for more than the last year has resided continuously in the State of Connecticut. The plaintiff and the defendant have one minor child issue of the marriage, to wit: Weylin C. Jones born October 3, 1982. No other minor children have been born to the plaintiff since the date of the marriage. The State of Connecticut has not contributed to the support or maintenance of any party hereto.
This matter was returned to court on April 18, 1995 and proceeded to trial before the court on March 29, 1996, both parties being present and represented by counsel of record. The court finds that it has jurisdiction over these parties and their marriage. Based upon the relevant, admissible and credible CT Page 3070 evidence presented to this court, and taking into account the statutory criteria provided by law for consideration in allocating alimony and/or property disposition orders, the following constitute the findings of fact and conclusions of law with respect to this matter. This was a marriage that never really had much vitality to it. The plaintiff had been married previously and brought one child of a prior marriage with her unto this marriage. At first and for only a short time the parties seemed to get along well and the defendant accepted and joined in the rearing of their mutual child and the plaintiff's child of a prior marriage. From the plaintiff's aspect, and with some justification, she perceived that she never received any household support from the defendant. In addition, the defendant admitted to the plaintiff and, in court, that he had been involved in an adulterous affair in the years of 1990 through 1991. He had on a couple occasions left the residence for not to long periods of time and returned. The plaintiff and the defendant in the course of their marriage never really attained any plateau where they acquired an ongoing, loving, mutual, and satisfying congenial relationship. The defendant presented himself as rather a bland and unemotional person and the plaintiff over the years suffered from a variety of emotional problems and some problems emanating from her use of alcohol. She has always been employed during the course of the marriage with the exception of the times surrounding the birth of their child and she possess a substantial earning capacity as outlined in her testimony and indeed from her financial affidavit presented to the court.
The court finds that this marriage has broken down irretrievably and although both parties have contributed to the breakdown, the substantial cause of factor in the breakdown of this marriage was the adulterous conduct of the husband.
At present and for some substantial time of the past, the parties do not and have not communicated at all, or even well from time to time. At the outset of this hearing a request was made for joint custody but the court finds that the evidence has established no rational foundation for such an order. Accordingly, custody of the minor child is awarded to the plaintiff/mother at liberal visitation to the defendant/father. The court feels that it is realistic to assume that the ongoing relationship between the defendant and his son and the visitation incident thereto will continue to be guided by those factors that have established their style of visitation during the pendency of CT Page 3071 this action.
The personal property located in the house is set over and assigned to the plaintiff to be hers absolutely with the exception of the following items which are set over to the defendant: his books; his record collection; pottery mugs or plates given by his sister; the green sofa and ottoman; the mattress and box spring; the silver door; and the tape deck and turn table.
The defendant shall pay to the plaintiff the sum of $120.00 per week as child support in a contingent wage withholding order shall issue in connection therewith. The defendant shall maintain medical and dental insurance for the benefit of the child, and the parties shall divide equally any unreimbursed health care expenses which shall include but not limited to medical, dental, psychological, opthamological and orthodontic expenses. The plaintiff shall provide copies of any bills within thirty days of the date of service and the defendant shall reimburse the plaintiff for his one-half within thirty days of the receipt of said bills. The provisions of Connecticut General Statutes Section 46b-84 (d) shall apply. The defendant shall pay to the plaintiff the outstanding pendente lite arrearage for unreimbursed health expenses within thirty days of the date of this memorandum. The plaintiff shall have the right to claim the child as a dependent for tax purposes.
Each party shall retain their own pension and/or retirement plans and each shall pay the liabilities as outlined under separate financial affidavits, with the exception of the mortgage debt which shall be treated hereafter. The joint obligation to the People's Bank on a credit card bill shall be paid by the defendant. Each shall retain all other property presently in their possession.
The evidence available to this court indicates that the jointly owned real estate has a value of $119,000.00. There presently exist a $89,000.00 mortgage debt.
The court declines to award alimony to either party and each shall be responsible for their own attorney's fees.
The jointly owned real estate at 4 Pratt Street, Chester, Connecticut is assigned to the plaintiff to be her's absolutely. She is ordered to assume full responsibility for the existing CT Page 3072 mortgage and hold the defendant harmless in connection of any liability therefore. She shall be responsible for all existing liens or charges against said real estate and all usual costs of ownership accrued to date and in the future.
The defendant shall maintain $50,000.00 in life insurance naming the child as irrevocable beneficiary during the period of minority.
A decree is entered dissolving said marriage.
It is so ordered.
HIGGINS, J.